PETER KMETO
Attorney at Law
State Bar No. 78827
1007 Seventh Street, Suite 100
Sacramento, CA 95814
(916) 444-7420; FAX: (916) 441-6714

Attorney for: JASPREET DHADDA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASPREET DHADDA, et al.<br><br>Defendant. | No. CR-S-11-0077 WBS<br><br>SENTENCING MEMORANDUM<br><br>Date: 10/15/12<br>Time: 9:30 a.m.<br>Judge: William B. Shubb<br>      Sr. District Court<br>      Judge |

Defendant, JASPREET DHADDA, through his attorney, PETER KMETO, submits the following Sentencing Memorandum in response to the sentence recommendation of the Pre-Sentence Report filed, September 25, 2012. In that Pre-Sentence Report, the US Probation Officer recommends a sentence of 100 months imprisonment. In the PSR, the US Probation Officer appears to rely, primarily, on his analysis of the US Sentencing Guidelines in arriving at his sentence recommendation. This memorandum seeks to expand the analysis of the recommendation by elaborating on the relevant factors of 18 USC §3553(a) which, although paid lip service in the report, did not appear to relied upon or seriously examined by the Probation Officer in his analysis. The sentence which is sought by this sentencing memo is 70 months imprisonment.

This suggested term of imprisonment is justified for the foregoing reasons and is couched in terms of a 18 USC §3553(a) factor analysis rather than a,

- 1 -

perhaps, more traditional Guideline analysis, which, according to the most recent case law *(See US v. Ellis, 141 F 3rd 411, 421, 9th Cir. 2011 and US v. Vasquez-Cruz 2012 WL 3743167 , 9th Cir. August 30, 2012)*, is one in the same when analyzing the importance of factors such as a defendant's criminal history and the impact of same on arriving at a sentence which is substantively reasonable.

Statement of the Law:

The overriding concern in determining what an appropriate sentence is in a particular defendant's case is that the sentence be "substantively reasonable". The Sentencing Guidelines no longer dictate the only factors which the Court takes into account when sentencing a defendant. As is set forth in the very recent case of *US v. Vasquez-Cruz 2012 WL 3743167 , 9th Cir. August 30, 2012* the state of the law is as follows:

> "We have long held that we do not review the procedural correctness of a district court's discretionary decision to depart from the Guidelines range. Rather, we "treat the scheme of downward and upward 'departures' as essentially replaced by the requirement that judges impose a 'reasonable' sentence." *United States v. Mohamed, 459 F.3d 979, 986 (9th Cir. 2006)*; see also *United States v. Ellis, 641 F.3d 411, 421 (9th Cir. 2011)*. In *Mohamed* we explained that, even if the district court erred in applying a departure, there would be no point in reversing for such an error because "the sentencing judge still would be free on remand to impose exactly the same sentence by exercising his discretion under the now advisory guidelines" and "[s]uch a sentence would then be reviewed for reasonableness." *459 F.3d at 987*. For this reason, any erroneous application of the departure would be harmless so long as the sentence actually imposed was substantively reasonable. Therefore, "our review of the

so-called departure would have little or no independent value" and "would result in wasted time and resources in the courts of appeal, with little or no effect on sentencing decisions." *Id*. We made clear that these rules governed the *appellate* review of *post-Booker* sentences, *id. at 985-86* (citing *United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005))*, and did not prevent "consultation of the system of departures that existed under the mandatory regime, either by the district court or by this court," *id. at 987*. ( *US v. Vasquez-Cruz 2012 WL 3743167 , 9th Cir. August 30, 2012, at pages 7 and 8)*

In *US v. Ellis, 141 F 3rd 411, 421, 9th Cir. 2011* the 9th Circuit stated:

"The same reasoning is equally applicable to criminal history category departures under *USSG § 4A1.3*. Like offense level departures, criminal history departures are entirely discretionary under the Guidelines. *See USSG ch. 1, Pt. A, cmt. 4(b)*. ("When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted."); *§ 4A1.3(a)(1)* ("If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted."). And as with offense level calculations, a criminal history category departure requires the district court to consider many of the *§ 3553(a)* factors: the risk of recidivism, *see 18 U.S.C. § 3553(a)(2)(C)*; the nature of the defendant's criminal history, *see id. § 3553(a)(1)*; and the nature of the offense, *see id*. For this reason, and because

- 3 -

a court "would be free on remand to impose exactly the same sentence by exercising [its] discretion under the now-advisory guidelines," *Mohamed, 459 F.3d at 987*, it would likewise be redundant to review the criminal history departure both for procedural error and substantive unreasonableness." *US v. Ellis, 141 F 3rd 411, 421, 9th Cir. 2011*

Statement of the Facts:

In the Plea Agreement entered into between the parties it was agreed that the Defense would be afforded the limited opportunity to address Guideline variance and appropriate 18 USC §3553(a) factors in a sentencing memorandum as related to the Defendant's post offense rehabilitation[1].

As was set forth in ¶¶46 and 47 of the PSR, the Defendant, was a sufferer from long-term substance and alcohol abuse for 16 years prior to his arrest. Since his arrest, he has successfully completed an in-patient rehabilitation program through The Effort. He has also engaged in out-patient care anc counseling. He has not had one incident of relapse. He has also completed the First Offender DUI Program as well as county Drug Diversion program.

As was set forth in ¶ 49 of the PSR, the Defendant's educational record consisted of being kicked our of school due to drug use. Since his arrest he has received a President's Honors certificate from Sacramento City College for outstanding academic achievement and is a mere 8 units from receiving his AA degree in Sociology and Humanities.

As was set forth in ¶¶43 and 67 of the PSR, defendant has gone from a drug dealer and petty criminal involved in drug and alcohol related offenses, to a person who takes care of his disabled parents as well as volunteers to the Sacramento

---

[1] See Plea Agreement page 7 lines 3-11.

Sikh Society and Sacramento County Human Resources to help with "at risk youths".

Analysis:

The 18 USC §3553(a) factors which are relevant to Defendant's post offense rehabilitation are analyzed as follows:

a. History and Characteristics of the Defendant:

Mr. Dhadda's criminal history consists of <u>misdemeanor</u> conduct typical of a substance abuser <u>not</u> of a serious or harmful criminal. His check passing case was one month shy of the 10 year Guideline wash-out. The diversion program was completed and Mr. Dhadda's plea withdrawn and the case dismissed. The probation that Mr. Dhadda was on when he committed the present offense was informal misdemeanor probation.

Granted, the current offense to which Mr. Dhadda plead is a serious drug offense for sales of MDMA. Clearly, he was, then, engaged in more than petty crime. However, his post offense rehabilitative successes are not an example of a desire or a likelihood for him to remain a criminal.

For an individual who has been addicted to drugs since age 15 to participate and succeed in residential and, then, out-patient drug rehabilitation for 1 and ½ year without "dirty" tests is truly commendable. For him to have gone from an academic drop-out to a successful college student who cares for invalided parents while also counseling "at-risk" youths, suggests a salvageability in this defendant that our criminal justice system seldom sees so clearly demonstrated. It is such a characteristic which 18 USC §3553(a)(1) speaks to in determining what sentence is sufficient but not greater than necessary.

b. Seriousness and Punishment:

The sale of over 9,000 MDMA pills is serious.

As to punishment, however, a sentence of 70 months is more than adequate

- 5 -

to punish this defendant who has never served more that 45 days in a County Work Project program. The PSR's reliance on Defendant's criminal history to justify a 22 month swing from a 78 month to a 100 month Guideline driven sentence (the difference between a criminal history II to a criminal history IV) does not seem appropriate under the circumstances.

What defendant's criminal history points are derived from are: an old check passing misdemeanor which was one month shy of a guideline wash-out; a drug diversion case with a deferred entry of judgment (which as an anomaly in California state cases includes a plea of no contest or guilty which the defendant, upon completion, withdraws); a 2008 DUI; and, committing the crime in this Federal case while on probation for that same DUI.

Even the USSG recognizes that slavish adherence to the linguistics of the Guidelines is not warranted in some cases. USSG 4A1.2(b)(1). This is one of those cases. Mr. Dhadda's criminal history consists entirely of drug or alcohol related crimes. But, significantly, these crimes are not related to crimes of violence. It is such analysis which 18 USC §3553(a)(1) speaks to in determining what sentence is sufficient but not greater than necessary.

c. Adequate Deterrence:

For the reasons stated above sentence of 70 months <u>is more than adequate</u> to deter Mr. Dhadda from any future criminal conduct.[2] What Mr. Dhadda and society need is further rehabilitation treatment, not further incarceration.

d. Protection of the Public:

It is, by now, accepted that the best method of preventing recidivism by drug addicted defendants is to treat the addiction. As the Court can see from the letters

---

[2] §3553(a) expressly states that "[t]he court shall impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph 2 of this subsection." [emphasis added]

of recommendation, Mr. Dhadda is an intelligent, kind and generous human being who cares for invalided relatives and reaches out to "at-risk" youths. He is not some evil harmful person from whom the public needs protection.

e. <u>Kinds of Sentences Available:</u> It is clear from recent appellate decisions cited above, that the real question regarding sentencing is: what is substantively reasonable? It is this writer's belief that for the reasons stated above, a sentence of 70 months would more accurately reflect the seriousness of the offense, promote respect for the law, and provide deterrence to criminal conduct AND is substantively reasonable.

Dated: <u>September 29, 2010</u>                Respectfully submitted,


<u>/s/ Peter Kmeto</u>
Attorney for Defendant
JASPREET DHADDA